Harshad PANCHAL, Appellant,

v.

Sonali PANCHAL, Appellee.

No. 11–02–00234–CV.

Court of Appeals of Texas, Eastland.

July 10, 2003.

John J. Pfister Jr., Pfister & Weaver, Frisco, for appellant.

Russell A. "Chip" Pelley, Pelley Law Office, Bryan Gallerson, Spigner & Gallerson, Plano, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Order

PER CURIAM.

This appeal arises from a divorce proceeding. Appellant raises four points of error. He asserts in his first point that the trial court failed to enter sufficient findings of fact and conclusions of law. The second point addresses the trial court's division of community property. Appellant's third point attacks the trial court's award of various items of property to appellee as her separate property. The fourth point challenges the issuance of a permanent injunction against appellant.

Appellant contends in his first point that the trial court failed to enter findings of fact and conclusions of law as required by TEX. FAM. CODE ANN. § 6.711 (Vernon Supp.2003). Section 6.711 reads as follows:

(a) In a suit for dissolution of a marriage in which the court has rendered a judgment dividing the estate of the parties, on request by a party, the court shall state in writing its findings of fact and conclusions of law concerning:

(1) the characterization of each party's assets, liabilities, claims, and offsets on which disputed evidence has been presented; and

(2) the value or amount of the community estate's assets, liabilities, claims, and offsets on which disputed evidence has been presented.

(b) A request for findings of fact and conclusions of law under this section must conform to the Texas Rules of Civil Procedure.

Appellant timely filed his request for findings of fact and conclusions of law. His final request specifically referenced Section 6.711. The only findings of fact and conclusions of law that the trial court entered regarding the division of the parties' estate read as follows:

14. The Court found that the parties had obtained and possessed community property and debts. The Court divided the community property in a fair and equitable manner, pursuant to the Texas Constitution, Article 16, Section 15, and the Texas Family Code, Section 3.

15. The Court found and confirmed that the parties possessed separate property. The Court awarded said property to that party so entitled, pursuant to the Texas Family Code.

The trial court did not make any findings of fact or conclusions of law regarding the characterization and value of each party's assets, liabilities, claims, and offsets. Upon proper request, Section 6.711 requires that these findings and conclusions be made with respect to "each party's assets, liabilities, claims, and offsets *on which disputed evidence has been presented.*" (Emphasis added). Disputed evidence was presented on only a few items of the parties' property. These items included:

A. The value of the parties' business;

B. The value of the parties' stock portfolio; and [1]

C. The amount, if any, which the trial court awarded for reimbursement claims.

The failure of the trial court to file sufficient findings of fact and conclusions of law when properly requested is presumed to be harmful unless the contrary appears on

---

1. Appellant testified that the value of the parties' stock portfolio varied between $20,000 and $80,000. The record does not indicate the value which the trial court attributed to the stock portfolio.

the face of the record. *Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex.1996). Error is harmful if it prevents an appellant from properly presenting a case to the appellate court. TEX.R.APP.P. 44.1(a)(2). Appellant asserts in his second point that the trial court failed to divide the community estate in a just and right manner. The values determined by the trial court for the three property items listed above affect the presentation of appellant's challenge to the division of the community estate.

The remedy for the erroneous failure to file findings of fact and conclusions of law is to abate the appeal for entry of proper findings and conclusions. *Lubbock County Central Appraisal District v. Contrarez,* 102 S.W.3d 424, 426 (Tex.App.-Amarillo 2003, no pet'n). The trial court is directed to enter findings of fact and conclusions of law with respect to the following property items:

A.  The value of the parties' business;

B.  The value of the parties' stock portfolio; and

C.  The amount, if any, which the trial court awarded for reimbursement claims.

The clerk of the trial court is directed to prepare and forward to this court a supplemental clerk's record containing the trial court's findings of fact and conclusions of law. The supplemental clerk's record is due to be filed in this court on or before August 4, 2003. Upon the filing of the supplemental clerk's record, the appeal will be reinstated; and the parties will be given an opportunity to supplement their briefs.

The appeal is abated.