11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Michael
V. Garza

Appellant

Vs.                   No. 11-03-00262-CV B
Appeal from Harris County

Monica
Lynne Garza

Appellee

 

Michael V. Garza appeals from the decree of
divorce dissolving his marriage to Monica Lynne Garza following a trial before
an associate judge of the 309th District Court of Harris County.  He asserts in four points that the evidence
is factually insufficient to support the trial court=s
valuation of the parties=
homestead, of his personal savings account, and of his personal retirement
account and that the trial court erred by failing to file findings of fact and conclusions
of law.  We affirm.  

Trial was held before an associate judge who
evaluated the parties=
community property and made a division thereof. 
The associate judge=s
report included values assigned by the judge to the property.  Michael did not appeal the associate judge=s determinations to the district judge
for trial de novo.  The district
judge adopted and confirmed the associate judge=s
report and subsequently signed the final divorce decree.  Despite appropriate requests, the trial court
failed to file findings of fact and conclusions of law.

Michael insists in points one, two, and three that
the evidence is factually insufficient to support the trial court=s valuation of three assets.  Michael asserts that the evidence is
factually insufficient to support the trial court=s
valuation of the parties=
residence at $120,000.00 because the evidence only showed a value within a
range of $125,000.00 to $142,000.00; that the evidence is factually
insufficient to support the trial court=s
valuation of his personal savings account at $82,340.00, as opposed to the
amount of $32,327.32; and that the evidence is factually insufficient to
support the trial court=s
valuation of his personal retirement account in the amount of $35,000.00.  We also construe his argument to suggest that
the misvaluation of these three assets constituted an abuse of discretion by
the trial court in the division of the marital estate.  








In order to complain on appeal of the division of
the marital estate, an appellant must be able to demonstrate from the evidence
in the record that the division is so unjust and unfair as to constitute an
abuse of discretion.  Wallace v.
Wallace, 623 S.W.2d 723, 725-26 (Tex.Civ.App. - Houston [1st Dist.] 1981,
writ dism=d).  We conclude from that principle that these
three points should properly be considered as one point B
that the trial court abused its discretion in dividing the community estate
because there is factually insufficient evidence in support of the court=s valuation of three of the assets
included in the division.  While Michael
raises the question as to whether the trial court might have abused its
discretion, he makes no argument and presents no authority to the effect that
the division made, assuming the misvaluation which he urges, constitutes an
abuse of discretion by the trial court in the division of the marital
estate.  In lieu of such argument,
Michael continually refers to the trial court=s
failure to file findings of fact and conclusions of law, an issue which we will
address in our discussion of point four. 


Of the three items to which Michael refers, the
residence was awarded to Monica, while Michael received his personal retirement
account.  Michael=s
personal savings account was divided, with Michael receiving $43,853.00 and
Monica receiving no less than $38,487.00.

An assertion that the evidence is Ainsufficient@
to support a fact finding means that the evidence supporting the finding is so
weak or the evidence to the contrary is so overwhelming that the answer should
be set aside and a new trial ordered.  Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex.1965). 
We are required to consider all of the evidence in making this
determination.  Maritime Overseas
Corporation v. Ellis, 971 S.W.2d 402, 406-07 (Tex.1998).








The trial was held in February 2003.  Monica testified, through her inventory and
appraisement, that the market value of the parties=
residence was $120,000.00, that the value of Michael=s
retirement plan as of March 31, 2002, was $35,000.00, and that the balance of
his personal savings plan as of December 31, 2001, was $82,340.00, but that he
had removed funds from the account since the date of their separation.  She identified three exhibits, Plaintiff=s Exhibit Nos. 13, 14, and 15, as
exhibits produced by Michael in discovery. 
These documents show that the balance of Michael=s
personal retirement plan was $33,775.00 on December 31, 2001; $35,001.05 on
March 31, 2002; $29,797.91 on July 25, 2002; $30,854.47 on September 3, 2002;
and $32,327.32 on January 17, 2003.  They
show that the balance of Michael=s
personal savings plan was $82,340.00 on December 31, 2001; $61,461.07 on July
25, 2002; $35,743.53 on September 3, 2002; and $35,743.53 on January 17, 2003.

Monica indicated that these documents reflect
Michael=s
withdrawal of $30,000.00 from their Apension
plan@ without
telling her.  She stated that Michael had
indicated in court that he had used $25,000.00 to pay off credit card debt and
$5,000.00 for his attorney=s
fees.  Monica also introduced into
evidence credit card statements produced by Michael in discovery showing that
he had made approximately $26,852.03 in credit card payments between July and
December 2002.  Monica testified that
these payments were made after Michael moved out and that what he was paying
off was not community debt.  Monica
stated that Michael had told her just before separation that they had
$40,000.00 in credit card debt, but that she would have understood only
$15,000.00 to be legitimately charged on the accounts.  She said that she had firsthand knowledge
that Michael had spent $30,000.00 on a female other than herself.  She said she could tell by looking at the
credit card statements.  No inventory and
appraisement filed on behalf of Michael appears of record, and he presented no
testimony as to the values of his personal savings plan or his personal
retirement plan.   

Monica estimated the value of the home at both
$120,000.00 and $125,000.00, while acknowledging that she had obtained an
estimate in the amount of $132,000.00. 
She requested that the court consider the cost of selling the home in
arriving at its valuation.  Michael
presented evidence that the Harris County Appraisal District appraised the home
at $142,000.00.  We find that the
evidence is factually sufficient to support the trial court=s valuation of the home. 

Evidence as to the values of Michael=s personal retirement plan was
undisputed.  The last statement before
the divorce showed a valuation of just over $35,000.00, while a statement
shortly after the divorce was filed and subsequent statements showed lesser
amounts.  We find that the evidence is
factually sufficient to support the trial court=s
valuation of the personal retirement account.  


Michael testified that, prior to his being served
with divorce papers, he borrowed the amount of $30,700 from his personal
savings plan in order to reduce the interest rate that he owed on credit card
debt.  He denied using any of the money
on any woman other than Monica.








Monica testified that she and Michael separated on
July 13, 2002.  Michael borrowed the
money from his personal savings plan on or about July 26, 2002.  The last statement in evidence of the value
of the account prior to the parties=
separation showed the value of the plan at $82,340.00.  We hold that the evidence is factually
sufficient to support the trial court=s
valuation of Michael=s
savings plan.  As previously noted, even
if the evidence was factually insufficient to support the trial court=s valuation of any of these properties,
Michael has presented no argument or authority in support of his assertion that
the trial court abused its discretion in the division of the marital estate as
a result of any misvaluation of the property. 
We overrule points one, two, and three.      

Michael asserts in point four that the trial court
erred by failing to file findings of fact and conclusions of law.  Michael timely requested findings of fact and
conclusions of law in accordance with TEX.R.CIV.P. 296 and timely filed a
notice of past-due findings of fact and conclusions of law.  He made no specific request for findings of
fact and conclusions of law regarding the marital assets and their values in
accordance with TEX. FAM. CODE ANN. '
6.711 (Vernon Supp. 2004).  The trial
court erred by filing no findings of fact and conclusions of law in response to
Michael=s
request.  The failure of the trial court
to file sufficient findings of fact and conclusions of law is presumed to be
harmful unless the contrary appears on the face of the record.  Tenery v. Tenery, 932 S.W.2d 29, 30
(Tex.1996); Panchal v. Panchal, 132 S.W.3d 465 (Tex.App. B Eastland 2003, per curiam order).  In this case, the only issue in contention is
whether the trial court=s
division of the community property was just and right.  As evidenced by points one, two, and three,
Michael has had no difficulty in determining from that order the monetary value
that the judge assigned to the marital assets in making the division.  In order to complain on appeal of that
division, Michael must be able to demonstrate from the evidence in the record
that the division is so unjust and unfair as to constitute an abuse of
discretion.  Wallace v. Wallace, supra
at 725-26.  Even if, as Michael
maintains, the associate judge=s
order signed by the district judge does not constitute findings of fact and
conclusions of law for appellate purposes, the record reflects all facts and
findings necessary in order for Michael to pursue a contention that the
division of the property was so unjust and unfair as to constitute an abuse of
discretion.  We therefore find that the
face of the record reflects that Michael was not harmed by the trial court=s failure to file findings of fact and
conclusions of law.








Michael maintains that he was harmed because, in
the absence of findings, he could not clearly state the basis of the trial
court=s
valuation of the assets.  He contends
that, without findings regarding how the trial court arrived at the amount of
assets available for division, the court=s
valuation cannot be properly challenged on appeal.  He seeks remand so that he may obtain
findings of fact underlying the associate judge=s
valuation.  He contends that, in the
absence of findings, he would have to resort to conjecture as to every
conceivable factor that could have supported the valuations or the unequal
division of the property and as to every conceivable combination of testimony
and evidence that would refute each possible factor.  

Generally, a trial court must file findings of
fact only with respect to ultimate or controlling issues.  Hill v. Hill, 971 S.W.2d 153, 155
(Tex.App. - Amarillo 1998, no pet=n).  However, in a suit for dissolution of
marriage in which the court has rendered a judgment dividing the estate of the
parties, on a request by a party, the court shall state in writing its findings
of fact and conclusions of law concerning the value or amount of the community
estate=s assets,
liabilities, claims, and offsets on which disputed evidence has been
presented.  Section 6.711.  Michael did not specifically make such a
request.  Even if his general request was
sufficient, there is nothing that compels the trial court, in its findings of
fact and conclusions of law, to set forth either the factors supporting its
valuation findings or the factors supporting its division of the property.  Consequently, Michael was not harmed due to
the trial court=s failure
to file findings of fact concerning such matters.

Michael relies upon the case of Roberts v.
Roberts, 999 S.W.2d 424 (Tex.App. - El Paso 1999, no pet=n). 
That case was also a divorce case in which the trial judge failed to
file findings of fact and conclusions of law. 
Id. at 439.  The court held
that the appellant was harmed where the trial court failed to assign values to
the various community estates.  Id.
at 441.  In the case at bar, the values
of the property divided, while not contained in findings of fact and
conclusions of law, are sufficiently set forth in the associate judge=s report so as to enable Michael to
present three points complaining of the sufficiency of the evidence as to those
findings.  He makes no reference to the
value of any property by the associate judge that he was not able to ascertain.








We also note that the case at bar is
distinguishable from the order of this court in Panchal v. Panchal, supra.  In that case, the trial court failed to enter
findings of fact and conclusions of law regarding the characterization and
value of each party=s assets,
liabilities, claims, and offsets.  Id.
at 466.  We found that the value of items
divided by the trial court would affect the presentation of the appellant=s challenge to the division of the
community estate.  Id.  We noted that, with respect to the value of
the parties= stock
portfolio, the appellant=s
testimony gave a wide range of value and the record did not indicate the value
the trial court attributed to it.  Id.  In the case at bar, the record reflects that
the values assigned by the associate judge were set forth in the judge=s report in a way so as to enable
Michael to present points of error complaining of the insufficiency of the
evidence to support the findings. 
Consequently, Michael has not been harmed by the trial court=s failure to file findings of fact and
conclusions of law.  We overrule point four.

The judgment of the trial court is affirmed.  

 

PER CURIAM

 

August 31, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of: Arnot, C.J., and

McCall,
J., and Hill, S.J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.