Opinion issued May 28, 2009







 



 
 In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00521-CV




DAVID A. WHITE, Appellant

V.

MARTHA HARRIS-WHITE, Appellee




On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2005-31391




MEMORANDUM OPINION ON REHEARING

          Appellant, David A. White, seeks a grant of his motion to abate this appeal or
a reversal of the judgment of the trial court regarding the property division of his
marital estate after a divorce proceeding. In four issues, White argues that (1) this
Court should grant his motion to abate because the trial court erred in refusing to hear
his request for additional or amended findings of fact and conclusions of law; (2) the
trial court erred in its calculation of the net worth of the community estate;(3) the trial
court abused its discretion in the division of the community estate; and (4) the trial
court failed to award him property that was indisputably identified as his separate
property.
          On February 12, 2009, we issued our opinion. White has filed a motion for
rehearing. We grant the motion, withdraw our February 12, 2009 opinion, and issue
this opinion in its stead. We modify the trial court’s judgment and affirm the
judgment as modified.
Background
          White was the respondent to a divorce petition filed on May 12, 2005 by his
former spouse, appellee Martha Harris-White (“Harris”). Harris’ divorce petition
cited insupportability as the sole ground for divorce. Harris also requested post-divorce maintenance and a temporary restraining order in her petition. After White
filed a timely response, the parties filed a joint motion on temporary orders. The
temporary orders outlined the parties’ temporary agreement on child support
payments, child custody and possession, and marital property issues. Both parties
also filed inventories of the marital estate and proposed property division statements
with the trial court. In their respective proposed property division statements, each
party assigned monetary values to the assets comprising the marital estate.
          The parties’ shared dwelling at 7215 Holder Forest Court in Houston, Texas
was the largest community asset. White assessed the appraisal value of the dwelling
at $219,100, with an outstanding lien of $120,000 against the property. White
calculated the net value of the dwelling at $99,100 and proposed that the trial court
award him 75% of the net value, or $74,300, and award Harris 25% of the net value,
or $24,800. Harris assessed the appraisal value of the dwelling at $170,000, with an
outstanding lien of $125,000 against the property and $6,600 in taxes and fees levied
against the property. Harris calculated the net value of the dwelling at $34,800 and
proposed that the trial court award her 100% of the net value of the dwelling. 
          The parties also differed regarding other marital assets and liabilities. Harris
proposed that the trial court award her a Texas Dow Credit Union checking account
valued at $22,000 that White did not list in his proposed property division statement. 
White proposed that the trial court award him a retirement account held by CDI
Corporation valued at $45,000; Harris proposed that the trial court award her 75% of
the value of the account, or $33,750, and award White 25%, or $11,250, of the value
of the account. White proposed that the trial court award him a retirement account
held by Honeywell Corporation valued at $25,000; Harris did not list the account in
her proposed property division statement. White proposed that the trial court award
him a 2000 Mercedes Benz E430, valued by him at $22,500; Harris proposed that the
trial court award her the Mercedes, valued by her at $25,000. White also proposed
that the trial court assign to Harris two consumer debts totaling $6,500 owed to
Conn’s Appliance Stores; Harris argued that the two debts owed to Conn’s totaled
$7,788 and proposed that the trial court assign to White one debt totaling $5,730 and
assign to her one debt totaling $2,058.
          The trial court convened a trial on the merits on the property division issue on
September 6, 2006. Harris, in her testimony, asked the trial court to consider mental
cruelty evidence when the court determined the “just and right” division of the marital
estate. Harris also asked the court to award her a disproportionate share of the marital
estate because she had been unemployed for two years and because she had primary
care and custody of the couple’s three children. Harris testified that White assaulted
her and injured her shoulder. Harris also testified that she called the police and the
police ordered White to leave the home. However, Harris testified that White never
seriously injured her. On cross-examination, Harris testified that the police officer
who came to her home did not detect an injury to her. Harris testified that she never
received emergency care for her shoulder injury and that a subsequent medical
examination did not reveal any injury. Harris later testified that the police did not
order White to leave; instead, White agreed to leave. She testified that police never
arrested White for causing the injury.
          Harris testified that she used an independent professional appraiser to assess
the value of the parties’ shared dwelling at 7215 Holder Forest Court in Houston,
Texas. She also testified that, during the parties’ separation after she filed the divorce
petition, White stopped providing temporary support and she was forced to use the
shared credit cards to purchase tires for her vehicle and to replace a refrigerator and
washer and dryer that no longer functioned. She testified that she also used the credit
cards to replace clothes, to take the children to the dentist, and to purchase eyeglasses
for the children. 
          Harris testified that he preferred to have the parties’ shared dwelling sold and
to use the proceeds from the sale to pay off the couple’s debts and liabilities. He also
denied physically attacking Harris and said that Harris often verbally attacked him. 
Harris testified that after the parties separated Harris took two credit cards from the
desk in his study and charged unnecessary items to the two credit cards, including
unnecessary items charged to a Conn’s Appliance Stores account to replace items that
White was attempting to repair. He testified that he wanted to divide the property in
a way that used the home’s equity to pay off community debts because he was
concerned that Harris’ history of unemployment might lead to her failure to pay
community creditors. Harris also testified that he wanted 50% of the marital estate. 
          On cross-examination, White testified that Harris spent a retirement account
held by Honeywell Corporation valued at $25,000. He also testified that he took out
a $21,000 loan against a $45,000 retirement account held by CDI Corporation to pay
the couple’s delinquent property taxes. White testified that he explained the situation
to Harris and that she agreed that he should take the loan from the retirement account. 
          On rebuttal, Harris said that, during the parties’ separation, White had a
physical confrontation with the couple’s son, ripping the child’s shirt. Harris testified
that White refused to pay for termite extermination at the parties’ shared dwelling,
resulting in wood damage throughout the home. Harris denied any knowledge of the
loan taken against the retirement account until just before she filed her divorce
petition. Harris also testified that White’s characterization of the bedroom furniture
as his separate property in his proposed property division statement was incorrect and
that the mischaracterized property was part of the community estate. 
          The trial court granted the parties’ divorce at the conclusion of the hearing, but
told the parties that it would determine the property division at a later time. The trial
court issued the final divorce decree on April 16, 2007. In the decree, the trial court
awarded several assets to White, including all household furniture in his possession
or control, all jewelry in his possession or control including a diamond solitaire ring
and diamond stud earrings, a Chase checking account, 50% of the Texas Dow Credit
Union checking account, 25% of the retirement account held by CDI Corporation,
and five vehicles, including a 1995 Nissan Quest, a 1981 Nissan 280ZX, a 1976
Triumph, a 1958 Triumph MG 3A and another 1958 Triumph. The trial court also
imposed several liabilities on White, including debts associated with a Chase
MasterCard account, a Citibank MasterCard account, an MBNA MasterCard account,
an MBNA debt consolidation loan and a Conn’s Appliance Stores credit account.
          In the decree, the trial court awarded several assets to Harris, including the
parties’ shared dwelling at 7215 Holder Forest Court in Houston, Texas, all furniture
in her possession and control, all clothing and jewelry in her possession and control,
50% of the Texas Dow Credit Union checking account, 75% of the retirement
account held by CDI Corporation, a 2000 Mercedes E430 and a 1998 Mercedes
ML320 SUV. The trial court also imposed several liabilities on Harris, including
debts associated with the mortgage on the shared dwelling held by Citizen’s First
Mortgage, a TDECU loan, a GE Money Bank loan, a Nelnet student loan, a Conn’s
Appliance Stores credit account and an Orchard Bank credit account.
          White filed a request for findings of fact and conclusions of law on May 7,
2007, a motion for new trial on May 11, 2007, and a motion to modify the court’s
judgment on May 16, 2007. After waiting the requisite number of days, as required
by the Texas Rules of Civil Procedure, White filed a notice of past due findings of
fact and conclusions of law on May 30, 2007.
          The trial court issued findings of fact and conclusions of law on June 7, 2007.
In its third finding of fact, the trial court made the following finding regarding the
grant of the divorce:
3.The marriage of [Harris] and [White] has been insupportable
because of discord and conflict of personalities that destroys the
legitimate ends of the marital relationship and prevents any
reasonable expectation of reconciliation.

In its fourth and fifth findings of fact, the trial court made the following findings
regarding the property division of the marital estate:
4. During the marriage, [Harris] and [White] acquired the following
property other than gift or inheritance. See attached inventory of
Martha Harris-White, Proposed Division of Martha Harris-White.
 
5.The Court took into consideration the following factors in making
a determination of a just and right division: the earning ability of
the parties, the debts of the parties, the fault in the breakup of the
marriage, the physical assaults, the needs of the children as well
as the needs of the child starting to enroll in college.
 
The trial court then attached a letter of rendition of the facts concerning the property
division. The court made the following renditions:
The Court finds the estate to be a $53,324 negative estate.
The Court adopts Martha Harris-White’s proposed property division.
The Court use [sic] appraisers’ appraisal of community homestead.
The Court does not allow for cost of sale on homestead.

          White filed two objections to the trial court’s findings of fact on June 15, 2007. 
In his first objection, White complained that the trial court’s fourth finding of fact
was in error because the stated values of certain community assets in Harris’
inventory differed from the stated values of the same community assets in Harris’
proposed property division statement. In his second objection, White complained that
the trial court’s third finding of fact, that the marriage was “insupportable because of
discord or conflict of personalities,” was in conflict with the trial court’s fifth
conclusion of law, which identified fault as a factor in the judgment on property
division. 
          On June 18, 2007, appellant requested additional findings (1) specifying the
value of the community estate’s assets, liabilities, claims, and assets on which
disputed evidence had been offered and (2) finding, consistent with the judgment of
the court, that the total value of the community estate was “a negative $53,324,” the
total value of the community estate awarded Harris was “a negative $38,367,” and
that the total value of the estate awarded White was “a negative $18,053.” 
          White further requested that the trial court’s fourth finding be amended to refer
to Harris’ “Proposed Property Division,” rather than to refer to both that document
and her “Inventory,” because the “two documents contain directly contradictory
values for certain items of community property.” White also requested that the fifth
finding be amended to eliminate the reference to fault. After the trial court issued
orders denying both White’s motion for new trial and his motion to correct the trial
court’s judgment, White filed a notice of appeal on June 15, 2007. The trial court did
not rule on White’s objections to its findings of fact or on his request for additional
and amended filings. 
Motion to Abate Appeal and Trial Court MiscalculationIn his first issue, White argues that, the trial court erred in failing to issue
additional or amended findings of fact and conclusions of law after he made a proper
request and that, therefore, this Court should grant his motion to abate and order the
trial court to issue additional findings of fact and conclusions of law. In his second
issue, White argues that the trial court erred in its calculation of the community
estate’s net worth and requests that this Court order the trial court to make additional
findings of fact regarding the total value of the community estate or, in the
alternative, that it grant him a new trial.
          Specifically, White argues that the trial court miscalculated the net value of the
estate and failed to include a finding as to the size of the community estate in its
findings of fact and conclusions of law. Because of the miscalculation, White
contends the court prevented him from properly presenting his appeal based on a just
and right division of the community estate. He states:
In its written rendition, the trial court expressly adopted the Wife’s value
of the home, which was $170,000.00. On the Wife’s PPD, the value of the
home is listed as $34,800.00. This figure is clearly described as a net value
(“Equity Value After closing costs, taxes, etc.”). The $34,800.00 figure is the
same as on the Wife’s sworn inventory, which expressly states this is the value
in the house after liens. Thus, the liability for the mortgage is accounted for. 
However, the mortgage liability of $125,000.00 to Citizen’s First Mortgage is
listed on page 3 of Wife’s PPD as an outstanding liability. This duplication
results in the total community estate being under valued by $125,000.00.
Adding this number to the value of community estate in the court’s rendition
of judgment results in the value of the community increasing to $71,676.00.

Appellant’s Brief at 19 (citations to record omitted).
          When the court makes a judgment concerning the division of the marital estate,
the court must state in writing its findings of fact and conclusions of law concerning
the characterization and value of the property comprising the estate. Tex. Fam. Code
Ann. § 6.711 (Vernon 2006). 


 A party’s request for findings of fact and conclusions
of law must conform with the Texas Rules of Civil Procedure. Id.; see also Tex. R.
Civ. P. 296, 298. When the trial court must make a determination on property
division of the marital estate, the trial court must make findings of fact on all material
factual issues that involve the ultimate issues in the divorce. Limbaugh v. Limbaugh,
71 S.W.3d 1, 7 (Tex. App.—Waco 2002, no pet.). The court must also make findings
that characterize and value each asset or liability on which disputed evidence was
presented. Id. at 7, n. 2; Tex. Family Code Ann. § 6.711. In such a divorce
proceeding, however, the ultimate issue is the just and right division of the estate, not
the value of specific property. Limbaugh, 71 S.W.3d at 7.
          An appellant is presumptively harmed when a trial court fails to make sufficient
findings of fact, unless the face of the record reflects that the appellant was not
harmed. Panchal v. Panchal, 132 S.W.3d 465, 466–67 (Tex. App.—Eastland 2003,
no pet.). The failure to make sufficient findings of fact becomes harmful error when
the appellant is prevented from making an appeal. Id. at 467. The remedy for such
a harmful error is for the reviewing court to abate the appeal. Id. The controlling
issue is whether the circumstances of the particular case require the appellant to guess
at the reasons for the trial court’s decision. Goggins v. Leo, 849 S.W.2d 373, 379
(Tex. App.—Houston [14th Dist.] 1993, no writ); Awad v. Rasmussen-Awad, 2004
WL 744234 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (2004 WL 744234)
(memo op., not intended for publication) at *3.
          Here, the trial court issued findings of fact and conclusions of law involving
the court’s jurisdiction over the parties, the conservatorship of the children, child
support payments and the property division of the marital estate. The court also
valued the community estate in accordance with section 6.711. However, White
argues that the trial court’s finding that the value of the community estate to be a
negative $53,324, based on its adoption of Harris’ proposed property division, was
incorrect because it counted the liability for the mortgage on the house twice, with the
result that the total community estate was undervalued by $125,500. White also
contends that the trial court failed to value certain items, such as Harris’ 1998
Mercedes ML. He argues that he cannot present his case on appeal because the trial
court failed to include a finding as to the size of the community estate in the findings
of fact and refused to make the additional and amended findings he requested. White
requests that this Court abate the appeal and direct the trial court to make additional
findings regarding the total value of the community estate. 
          The essence of White’s complaint that he cannot complain about a just and
right division of the estate unless additional findings are made is his contention that
the trial court miscalculated the total value of the estate due to its double counting of
the value of the family’s homestead. Assuming White’s calculation of the value of
the estate to be correct, we nevertheless observe that the trial court attached a letter
of rendition of the facts to its proposed property division. In that attached letter the
court specifically rendered its judgment not only that the value of the estate was a
negative $53,324 (as opposed to $71,676.00, which White asserts is the correct
figure), but also that it had adopted Harris’s proposed property division, that it had
used the appraisers’ appraisal of the homestead, and that “[t]he Court does not allow
for cost of sale on homestead.” (Emphasis added.) In other words, the trial court
expressly did not take into account the value of the homestead for purposes of sale
in rendering its judgment that Harris be awarded the homestead in which she and the
children were living. 
          We conclude that the trial court’s failure to make the requested findings of fact
and conclusions of law was harmless in this case. White was able to present his
issues on appeal, and this court is able to address and decide those issues. We
overrule White’s first and second issues.
Division of the Community Estate
          In his third issue, White argues that the trial court abused its discretion in the
division of the community estate. 
          In a divorce decree, the trial court is required to “order a division of the estate
of the parties in a manner that the court deems just and right, having due regard for
the rights of each party and any children of the marriage.” Tex. Fam. Code Ann. §
7.001 (Vernon 2006); Murff v. Murff, 615 S.W.2d 696, 698-99 (Tex. 1981). The trial
court has broad discretion in making a “just and right” division of the community
estate, and its discretion will not be disturbed on appeal unless a clear abuse of
discretion is shown. McElwee v. McElwee, 911 S.W.2d 182, 189 (Tex.
App.—Houston [1st Dist.] 1995, writ denied).
          A trial court may consider many factors when exercising its broad discretion
to divide marital property, and it is presumed it exercised its discretion properly. 
Murff, 615 S.W.3d at 699. Such factors include the nature of the marital property, the
relative earning capacity and business experience of the spouses; their relative
financial condition and obligations; their education; the size of separate estates; the
age, health, and physical conditions of the parties; fault in breaking up the marriage,
the benefit the innocent spouse would have received had the marriage continued; and
the probable need for future support. See id.; Smith v. Smith, 836 S.W.2d 688,
692–93 (Tex. App.—Houston [1st Dist.] 1992, no writ). When the circumstances
demonstrate a reasonable basis for it, a trial court may order an unequal division of
community property. See Murff, 615 S.W.2d at 698–99 and n.1; Hailey, 176 S.W.3d
at 380; see also Nowzaradan v. Nowzaradan, No. 01-05-00094-CV (Tex.
App.—Houston [1st Dist.] 2007, no pet.) (memo op., not designated for publication)
(2007 WL 441709) at *6. The test of whether the trial court abused its discretion is
whether it acted arbitrarily or unreasonably and without reference to any guiding
principles in dividing the estate. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985); Hailey v. Hailey, 176 S.W.3d 374, 380 (Tex.
App.—Houston [1st Dist.] 2004, no pet.). A reviewing court may not reverse a trial
court’s judgment on property division unless the trial court has clearly abused its
discretion or has made an inequitable division. Smith, 836 S.W.2d at 692.
          The trial court convened a bench trial on the issue of property division and
heard testimony from both parties. In her testimony, Harris requested that the trial
court consider the fault ground of mental cruelty when it made its judgment on the
property division issue. She also testified that she needed a disproportionate share
of the estate because she was primarily responsible for the care of the parties’ three
children. She testified that she had been unemployed for more than two years and had
recently begun work at an annual salary of $72,000. Harris testified that she was
receiving $1,100 in child support payments from White. She testified that her
diamond ring was missing and stated that it became missing at the same time White
left the marital home. She asked that the court award her the parties’ 2000 Mercedes
E430 sedan. She also asked the trial court to award the parties’ 1998 Mercedes
ML320 SUV to her because she wanted to give the vehicle to the parties’ daughter,
who was preparing to attend college. 
          Harris testified that White refused to pay temporary support from the time of
the parties’ separation to the date of trial and that she used the shared credit card
accounts to pay for necessities for herself and for the children because she was not
receiving any temporary support from White. She also testified that White assaulted
her and injured her shoulder and that the police made White leave the marital home
after the incident. 
          White testified that he never assaulted Harris and that she was verbally abusive
to him. He asked the trial court to order a sale of the shared dwelling and to make a
division of the equity in the shared dwelling to pay off the parties’ shared liabilities. 
In the alternative, White asked that the trial court place an owelty lien on the dwelling
if the trial court allowed Harris to remain in the shared dwelling. He also asked the
court to award the 2000 Mercedes E430 sedan and the parties’ lawn equipment to him
and to award the 1998 Mercedes ML320 SUV to Harris. He asked the court to
impose debts from a Chase credit card account, a Conn’s Appliance Stores credit
account, and a Target store credit account on Harris. White testified that he did not
possess Harris’s diamond ring.
          The trial court issued the divorce decree on April 16, 2007 and divided the
marital property in a manner consistent with Harris’ proposed property division
statement. On June 7, 2007, the trial court issued the following finding of fact
regarding the property division:
5.The Court took into consideration the following factors in making
a determination of a just and right division: the earning ability of
the parties, the debts of the parties, the fault in the breakup of the
marriage, the physical assaults, the needs of the children as well
as the needs of the child starting to enroll in college.

The trial court heard the testimony from both parties and awarded assets and
liabilities to each, based on the Murff factors. See Murff, 615 S.W.2d at 699. The
trial court expressly adopted Harris-White’s proposed property division, used the
appraisers’ appraisal of the disputed value of the homestead, and refused to allow for
cost of sale of the homestead in which White’s former wife and children were living. 
 Based on the record before us, we cannot say that the trial court either clearly abused
its discretion or made an inequitable division of marital assets. See Smith, 836
S.W.2d at 692. Therefore, we will not disturb the trial court judgment’s regarding the
property division of the community estate. 
          We overrule White’s third issue.
Failure to Award Separate Property
          In his fourth issue, White argues that the trial court failed to award him
property that was indisputably identified as his separate property. 
          Property possessed by either spouse in the course of marriage is presumed to
be community property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 2006). To
overcome the community property assumption, a party claiming marital property as
separate property must prove the claim with clear and convincing evidence. Id. 
§ 3.003(b) (Vernon 2006). A party may overcome the presumption by tracing and
identifying the separate property. Cockerham v. Cockerham, 527 S.W.2d 162, 167
(Tex. 1975). When a party demonstrates by clear and convincing evidence that
property is separate, a trial court may not divest the party of the separate property. 
Cameron v. Cameron, 641 S.W.2d 210, 215–16 (Tex. 1982). When the trial court
mischaracterizes property in its division of the marital estate, however, the error does
not require reversal of the entire case unless the mischaracterization had more than
a de minimis effect on the court’s just and right division of the property. McElwee,
911 S.W.2d at 189.
          White argues that the trial court divested him of the following four items of
separate property: a bed and headboard from the parties’ bedroom, a three-piece
divider set in the family room, a 25-inch television and a home gym. At the bench
trial on the property division issue, the court questioned Harris about the individual
items. Harris disputed White’s characterization of the bed and headboard and
claimed that the bedroom furniture was community property. However, Harris said
that the three-piece divider set, the 25-inch television and the home gym were White’s
separate property. The trial court determined that White failed to demonstrate “clear
and convincing evidence [to demonstrate that the four items are] separate property
and testimony alone is not sufficient.” The trial court then awarded Harris the four
items. 
          Bedroom Furniture
          White failed to trace his ownership of the bed and headboard to a period
outside the course of the marriage. He merely testified that the bedroom furniture
was his separate property. The trial court resolved the dispute by characterizing the
property as community property and awarding the property to Harris. White’s
assertions regarding the bedroom furniture do not rise to the clear and convincing
evidence standard necessary to overcome the community property presumption. We
overrule this portion of White’s fourth issue.
          Divider Set, Television, and Home Gym

          White and Harris stipulated to the trial court that the three remaining items—a
three-piece divider set, a 25-inch television and a home gym—were White’s separate
property. Despite the stipulation, the trial court awarded the items to Harris because
White failed to meet the clear and convincing evidence standard. When White and
Harris both agreed to the characterization of these items, however, the trial court no
longer had a dispute. See Shepherd v. Ledford, 962 S.W.2d 28, 33 (Tex. 1998). 
White met his burden as to these three items by foreclosing any fact issue regarding
the nature of these items. See id. 
          We sustain this portion of White’s fourth issue.


 Conclusion
          We overrule White’s motion to abate, modify the trial court’s judgment by
awarding the three-piece divider set, the 25-inch television and the home gym to
White as his separate property, and affirm the judgment as modified.






 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.