Order filed January 19,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00042-CV

                                                    __________

 

         BRENDA CORBIN
STIRL AND RALPH E. STIRL, Appellants

 

                                                             V.

 

                                      TERRY
MCGHEE, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 24619-B

 



 

O
R D E R

            This
is a case regarding the settlement of claims arising from an automobile
collision. Appellants, Brenda Corbin Stirl and Ralph E. Stirl, sought to
enforce the letter correspondence between appellee, Terry McGhee, and appellants’
insurance adjuster as a binding Rule 11 settlement agreement.  See Tex. R. Civ. P. 11.  The parties filed
concurrent motions for summary judgment regarding the enforceability of appellee’s
pro se letter to the insurance adjuster. Appellants also filed a counterclaim
for enforcement of the settlement agreement as a valid contract.  The trial
court denied the motions for summary judgment and severed appellants’
counterclaim from the underlying personal injury lawsuit.  Following a bench
trial in the severed cause, the trial court denied the relief sought by appellants
in their counterclaim and entered a take-nothing judgment, finding that no binding
settlement agreement existed between the parties.

            Appellants
timely requested findings of fact and conclusions of law and, when none were
entered, filed notice of past-due findings of fact and conclusions of law in
accordance with the Texas Rules of Civil Procedure.  See Tex. R. Civ. P. 296, 297.  The trial
court never responded to the request.  Appellants urge that the trial court’s
failure to respond to their request for findings of fact and conclusions of law
prevents them from properly presenting their appeal.  We abate the appeal and
remand to the trial court for it to enter findings of fact and conclusions of
law.

            Appellee
contends that the trial court’s prejudgment letter to the parties served as the
court’s findings of fact and conclusions of law and that appellants were thus
required to ask for additional or amended findings and to submit specific
proposed findings to the trial court per Tex.
R. Civ. P. 298.  Alvarez v. Espinoza, 844 S.W.2d 238, 241–42
(Tex. App.—San Antonio 1992, writ dism’d w.o.j.).

            Findings
of fact and conclusions of law need not be in any particular form so long as
they are in writing and are “filed with the Clerk and shall be part of the
record.”  Villa Nova Resort, Inc. v. State, 711 S.W.2d 120, 124 (Tex.
App.—Corpus Christi 1986, no writ); see Rule 297. Thus, it is possible
for findings of fact and conclusions of law to be contained in a trial court’s
letter to counsel if such a letter is filed of record.  Kendrick v. Garcia,
171 S.W.3d 698, 701 (Tex. App.—Eastland 2005, pet. denied); Moore v. Jet
Stream Invs., Ltd., 315 S.W.3d 195 (Tex. App.—Texarkana 2010, pet. denied).
 Here, the trial court’s letter was not filed of record and does not
express intent for appellate courts to rely on the letter.  The phrase “findings
of fact and conclusions of law” does not appear anywhere in the letter.  The
primary purpose of the very brief letter appears to be merely to inform the
parties of the court’s decision and to notify them that a proposed order will
be drafted.  In light of these circumstances, the letter cannot logically form
the basis of the court’s decision on this issue.  The trial court failed to
prepare and file findings of fact and conclusions of law.

            By virtue of Rule 297, the trial court’s duty to
make such findings and conclusions is mandatory when a party makes a timely
request.  See Rule 297; see also Cherne Indus., Inc. v.
Magallanes, 763 S.W.2d 768, 772 (Tex. 1989).  The failure of the trial
court to file sufficient findings of fact and conclusions of law when properly
requested is presumed to be harmful unless the face of the record reflects that
the appellant was not harmed.  Panchal v. Panchal, 132 S.W.3d 465, 466–67
(Tex. App.—Eastland 2003, no pet.).  The failure to make sufficient findings of
fact becomes harmful error when the appellant is prevented from properly
presenting a case to the appellate court.  Id. at 467.  The controlling
issue is whether the circumstances of the particular case require the appellant
to guess at the reasons for the trial court’s decision. Larry F. Smith, Inc.
v. The Weber Co., Inc., 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet.
denied).  “When there are two or more possible grounds of recovery or defense, as
in this case, an appellant is forced to guess what the trial court found unless
the trial court’s findings are provided to him.”  Id.

            Here, the face of the record does not reflect
that appellants were unharmed.  The trial court began the bench trial by
reminding the parties that it had denied motions for summary judgment on both
sides and that the purpose of the trial was to decide genuine issues of
material fact on both sides.  The court agreed that this was a trial before the
court “[o]nly on fact issues.” The trial court considered the affidavits of appellee
and his girlfriend, Gwen Boyd, in which they asserted defenses of duress,
mistaken belief, and economic stress.  Five letters were laid out before the
court, and arguments were made about which, if any, of the correspondence could
be considered in combination to have formed the basis of a Rule 11 settlement
agreement.  The court heard testimony from Russell Manion, the insurance
adjuster for appellants’ insurance carrier, about the offer made in Manion’s
letter.  Manion testified that, when appellee filed suit, over seven months
prior to his pro se letter, Farm Bureau considered its offer officially
rejected. Manion also testified that he considered there to be three essential terms
of his offer letter and that only one of the terms, the amount of the payment
to appellee, seems to have been contemplated by appellee in his pro se letter.

The judgment does not specify the basis for
the ruling that there was “no binding settlement agreement whatsoever.”  Based on
the evidence before it, the trial court could have reached its conclusion based
on the formalities required by the plain language of Rule 11, or any number of
contract law theories, or a combination of both.  The trial court asserted at
the outset that genuine issues of material fact stood in the way of its ability
to decide the issue as a matter of law.  Appellants have been harmed because
they are left to guess at the court’s determination of these material facts.

            The remedy for the
erroneous failure to file findings of fact and conclusions of law is to abate
the appeal for entry of proper findings and conclusions.  Panchal,
132 S.W.3d at 467 (citing Lubbock County
Cent. Appraisal Dist. v. Contrarez,
102 S.W.3d 424, 426 (Tex. App.—Amarillo 2003, no pet.)).  We abate this
appeal.  The trial court is directed to enter findings of fact and conclusions
of law.  The clerk of the trial court is directed to prepare and forward to
this court a supplemental clerk’s record containing the trial court’s findings
of fact and conclusions of law.  The supplemental clerk’s record is due to be
filed in this court on or before February 17, 2012.  Upon the filing of the
supplemental clerk’s record, the appeal will be reinstated, and the parties
will be given an opportunity to supplement their briefs.

            Appellants’ motion
to abate appeal for entry of findings of fact and conclusions of law is
granted.  The appeal is abated.

 

                                                                                                PER
CURIAM

 

January 19, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.