COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



## ORDER OF ABATEMENT

Appellate case name:      J. Frederick Welling & 57 Off Memorial Apartments, LP v. Harris County Appraisal District & The Appraisal Review Board of Harris County Appraisal District

Appellate case number:      01-11-00874-CV

Trial court case number:      2010-68613

Trial court:      190th District Court of Harris County, Texas

Appellants, J. Frederick Welling and 57 Off Memorial Apartments, LP (Welling), filed suit in district court against the Harris County Appraisal District challenging the appraised value of property pursuant to Chapter 42 of the Texas Property Tax Code. HCAD filed a plea to the jurisdiction alleging that Welling had failed to fully or substantially comply with the tax payment provisions of section 42.08(b) of the tax code, which, subject to section 42.08(d), requires "a property owner who appeals . . . [to] pay taxes . . . in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal." TEX. TAX CODE ANN. § 42.08(b). Welling responded that he was excused from the requirement that he prepay taxes under section 42.08(d), which allows a taxpayer to "be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court . . . finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts." Id. § 42.08(d). In support of this contention, Welling filed an oath of inability to pay and a motion to determine substantial compliance, as required by section 42.08(d). The trial court determined that Welling did not pay any taxes on the subject property before the delinquency date, that by failing to follow the statutorily mandated payment procedure under section 42.08 Welling forfeited his right to appeal, and that the trial court did not have jurisdiction over the appeal. Despite Wellings' request for additional findings on the issues of whether his prepayment was excused under section 42.08(d) and whether he substantially complied with that subsection, the trial court did not include any findings or conclusions on these issues.

After a trial judge has filed findings of fact and conclusions of law, a party may request additional findings and conclusions. TEX. R. CIV. P. 298. A trial court is required to enter additional findings on the ultimate or controlling issues. *Buckeye Retirement Co., LLC, Ltd. v. Bank of America, N.A.*, 239 S.W.3d 394, 402 (Tex. App.—Dallas 2007, no pet.). Harm is presumed when a trial court fails to make sufficient findings of fact, unless the appellate court can determine from the face of the record that the appellant suffered no harm. *White v. Harris-White*, No. 01-07-00521-CV, 2009 WL 1493015, at *6 (Tex. App.—Houston [1st Dist.] May 28, 2009, pet. denied) (citing *Panchal v.*

*Panchal*, 132 S.W.3d 465, 466–67 (Tex. App.—Eastland 2003, no pet.)). Harmful error results from the failure to make sufficient findings of fact when the appellant is prevented from making an appeal. *Id.* The remedy for such a harmful error is for the appellate court to abate the appeal for the entry of additional findings and conclusions. *Id.*

Here, the trial court did not make findings on whether the prepayment of taxes requirement was an unreasonable restraint on Welling's access to the courts such that he may be excused from this requirement under section 42.08(d) (as opposed to 42.08(b)), or whether Welling substantially complied with section 42.08(d). These are controlling issues in this case and necessary to understanding the trial court's judgment, and all of Welling's points of error on appeal relate to whether he was excused from prepayment of taxes under section 42.08(d) and whether he substantially complied with that subsection.

Abatement for additional findings of fact and conclusions of law is necessary to allow Welling to present his appeal and, accordingly, we abate the appeal and remand the case for entry of additional findings of fact and conclusions of law. The trial court is directed to make written findings and conclusions on: (1) whether Welling timely filed his oath of inability to pay; (2) whether, under section 42.08(d), the requirement of prepayment of taxes would constitute an unreasonable restraint on Welling's right of access to the courts such that he may be excused from that requirement; (3) whether Welling substantially complied with section 42.08(d); and (4) any other matters the trial court deems relevant or necessary. The written findings and conclusions of the trial court shall be included in a supplemental clerk's record and sent to this Court **within 30 days of the date of this order**.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle
                  ☑ Acting individually   ☐ Acting for the Court

Date: November 20, 2012