COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:        KMR Minden LP v. Harris County Appraisal District

Appellate case number:    01-13-00152-CV

Trial court case number:   2011-70247

Trial court:                        164th District Court of Harris County

The parties filed an "Agreed Motion to Abate Appeal and Request for Findings of Fact and Conclusions of Law." Appellant KMR Minden, L.P. filed suit in district court against the Harris County Appraisal District challenging the appraised value of property pursuant to the Texas Property Tax Code. HCAD filed a motion to dismiss for lack of subject-matter jurisdiction alleging that KMR Minden had failed to comply with the tax payment provisions of section 42.08(b) of the Tax Code. Section 42.08(d) of the Tax Code requires "a property owner who appeals . . . [to] pay taxes . . . in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal." TEX. TAX CODE ANN. § 42.08 (West Supp. 2012). KMR Minden objected to the motion to dismiss and responded that it should be excused from the prepayment requirement pursuant to section 42.08(d), which allows a taxpayer to "be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court . . . finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts." *Id.* § 42.08(d). In support of this contention, KMR Minden filed an oath of inability to pay and a motion to determine substantial compliance, as required by section 42.08(d). The trial court overruled KMR Minden's objection to the motion to dismiss, denied KMR Minden's motion, and granted HCAD's motion to dismiss. KMR Minden timely requested findings of fact and conclusions of law, and after the trial court failed to enter the requested findings and conclusions, timely filed a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 297. The trial court did not enter any findings or conclusions.

A trial court is required to enter additional findings on the ultimate or controlling issues. *Buckeye Ret. Co., LLC, Ltd. v. Bank of Am., N.A.*, 239 S.W.3d 394, 402 (Tex. App.—Dallas 2007, no pet.). Harm is presumed when a trial court fails to make sufficient findings of fact, unless the appellate court can determine from the face of the record that the appellant suffered no harm. *White v. Harris-White*, No. 01-07-00521-CV, 2009 WL 1493015, at *6 (Tex. App.—Houston [1st Dist.] May 28, 2009, pet. denied) (citing *Panchal v. Panchal*, 132 S.W.3d 465,

466–67 (Tex. App.—Eastland 2003, no pet.)). Harmful error results from the failure to make sufficient findings of fact when the appellant is prevented from making an appeal. *Id.* The remedy for such a harmful error is for the appellate court to abate the appeal for the entry of additional findings and conclusions. *Id.*

Here, the trial court did not make findings on any issue, including the basis for the conclusion that the trial court lacked jurisdiction over the case, the amounts that were due and payable, how much was paid, when the payments were made, whether the prepayment of taxes requirement was an unreasonable restraint on KMR Minden's access to the courts such that it may be excused from this requirement under section 42.08(d), or whether KMR Minden substantially complied with section 42.08(d). These are controlling issues in this case and necessary to understanding the trial court's judgment. Most of KMR Minden's points of error on appeal relate to whether it was excused from prepayment of taxes under section 42.08(d) and whether it substantially complied with that subsection. Thus, because abatement for findings of fact and conclusions of law was necessary to allow KMR Minden to present its appeal, we granted the parties' motion.

On June 20, 2013, we abated the appeal and remanded the case for entry of findings of fact and conclusions of law. The trial court was directed to make written findings and conclusions. The written findings and conclusions of the trial court were to be included in a supplemental clerk's record and sent to this Court within 30 days of the date of the June 20, 2013 order. To date, we have not received the trial court's written findings and conclusions.

Accordingly, we again **ORDER** the trial court make written findings and conclusions on: (1) the basis for the conclusion that the trial court lacked jurisdiction over the case; (2) the amounts that were due and payable and how much was paid and when the payments were made; (3) whether, under section 42.08(d), the requirement of prepayment of taxes would constitute an unreasonable restraint on KMR Minden's right of access to the courts such that it may be excused from that requirement; (4) whether KMR Minden substantially complied with section 42.08(d); and (5) any other matters the trial court deems relevant or necessary. The written findings and conclusions of the trial court shall be included in a supplemental clerk's record and sent to this Court **no later than 5:00 p.m. on Friday, December 27, 2013**.

If the trial court judge, Alexandra Smoots Hogan, fails to cause a supplemental clerk's record containing the trial court's written findings and conclusions to be filed with the Clerk of this Court by 5:00 p.m. on Friday, December 27, 2013, the Court may require the trial court judge to appear and show cause why the supplemental clerk's record has not been filed.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
           ☑ Acting individually   ☐ Acting for the Court

Date: November 27, 2013