**CUELLAR et ux. v. FLORES et ux.**

No. 12267.

Court of Civil Appeals of Texas. San Antonio.

April 11, 1951.

Ed Mann, John Noyola, and Bismark Pope, all of Laredo, for appellants.

C. N. Fansler, Elmore H. Borchers, Laredo, for appellees.

NORVELL, Justice.

Alejandro Cuellar and wife, Constance Hernandez Cuellar, instituted this suit in

accordance with the provisions of Article 46a, Vernon's Stats., seeking to adopt Josefina Flores, three years of age, who was the daughter of Ladislao Flores and wife, Amelia Hernandez Flores. The court denied the application for adoption upon the grounds that the child's parents had not consented thereto in writing, nor had they abandoned the child rendering such consent unnecessary under the provisions of Article 46a, § 6. Prior to the trial of the suit Mr. and Mrs. Cuellar had actual control and possession of the child, but the trial court concluded that "It being for the best interests of Josefina herself that she be returned to the care and custody of her natural parents, the Flores, the request for continued custody of Josefina by the Cuellars should be denied, and Josefina's care and custody should be ordered returned to her natural parents, the Flores."

No attack is made upon that portion of the decree denying the request for adoption, Platt v. Moore, Tex.Civ.App., 183 S.W.2d 682, but it is asserted that the conclusion above set out and its supporting findings have no support in the evidence. It is also urged that the court erred in admitting certain evidence offered by the appellees.

■ It appears that Mrs. Cuellar and Mrs. Flores are sisters. Mrs. Cuellar is the mother of a seventeen-year-old boy by a former marriage, but she and Mr. Cuellar have no children. Mr. and Mrs. Flores have four children, including Josefina, the child involved in this proceeding, and Rosita, her twin sister. The Cuellar and Flores families were very close and intimate and shortly after the birth of the twins, Mrs. Cuellar took Josefina into her home and cared for her. She contended that her expressed intention at that time was to adopt the little girl and that her sister did not object to this proposal. Mrs. Flores, however, testified that Mrs. Cuellar's taking and caring for Josefina was a temporary expedient only. The court found that both the Cuellars and the Flores were of good moral character and fit persons to have custody of the child. Appellants present a persuasive argument based primarily upon the fact that appellees allowed the child to remain with the Cuellars for three years, during which time appellants cared for and learned to love the little girl. The trial court's order will undoubtedly result in the breaking of reciprocal ties between the child and its foster parents. Substantial arguments may, however, be presented on behalf of the actual parents. Under the court's order, Josefina will be united with her twin sister in one family. We need not further detail the evidence, as "under our system a liberal discretion is vested in the trial judge in awarding the custody of minor children in a case such as this. He faces the parties and the witnesses, observes their demeanor and personality, and feels the forces, powers, and influences that cannot be discerned by merely reading the record. He is, therefore, in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor child. The awarding of the custody of a minor child in such a case is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Brillhart v. Brillhart, Tex.Civ.App., 176 S.W.2d 229; Rider v. Rider, Tex.Civ.App., 143 S.W.2d 222; Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004; Lyle v. Lyle, Tex.Civ. App., 141 S.W.2d 960; Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; and Turk et al. v. McLure, Tex.Civ.App., 63 S.W.2d 1049." Pitts, C.J., in Lanford v. Carruth, Tex.Civ.App., 186 S.W.2d 368, 369. See also Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1.

The issue was clearly one for the trial judge and his decision relating thereto will not be disturbed.

■ Appellants contend that the report of a child welfare worker and a letter written to the trial judge by said worker were improperly received in evidence. The objection made to the report and the court's ruling thereon were as follows:

(Appellants' Attorney), "We object to (the report) for any purpose other than as regards the adoption. As regards the custody, it would not be admissible. We would like the report to be restricted only to the adoption phase of the case."

(The Court), "I consider them for any proper purpose."

Objection was made to the letter which was offered immediately following the report, on the ground that the opinion therein expressed did not relate to the matter of adoption but to the question of custody and was hearsay as to appellants. This objection was overruled.

The report was made in accordance with the provisions of Article 46a, § 2, Vernon's Statutes, and refers to the adoption case by style and number. The letter was addressed to the judge and reads as follows:

"Re: Cause Number 16,461—Adoption of Josefina Flores by Mr. and Mrs. Alejandro Cuellar.

"Dear Judge Williamson:

"It is my opinion, after making the investigation in accordance with your Order No. 16,461, dated February 16, 1950, that the best interests of Josefina Flores would be served by returning the child to the home of her own parents, Mr. and Mrs. Ladislao Flores.

"Very truly yours,
(Signed) Yvette Whitfield."

Though mention was made of the return of Josefina to her parents, the letter was obviously a supplement to the statutory report. The trial court's finding upon the issue of custody is supported by evidence other than the report and letter, and we would not be warranted in assuming that the trial judge considered improper evidence. Texas-Mexican Ry. Co. v. Slaughter, Tex.Civ.App., 122 S.W.2d 1101; Gilmore v. Transit Grain & Commission Co., Tex.Civ.App., 213 S.W.2d 880.

The judgment is affirmed.