Opinion issued February 10, 2011

 



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-00308-CV

———————————

Jonathan Pena, Appellant

V.

Lauren Stoddard, Appellee



 



 

On Appeal from the 308th District Court

Harris County, Texas



Trial Court Case No. 2005-70643

 



 

MEMORANDUM OPINION

          Appellant, Jonathan Pena, challenges
the trial court’s decree naming appellee, Lauren Stoddard, as sole managing
conservator of their child, L.S., assessing child support, and specifying
limited periods of supervised visitation by Jonathan Pena.  Pena contends that the trial court abused its
discretion by (1) refusing to file additional findings of fact as requested,
(2) ordering that Pena’s periods of possession of L.S. be supervised, (3)
limiting Pena’s periods of possession of L.S. to less than a standard
possession order, and (4) naming Stoddard sole managing conservator of the
child.

          We affirm.

BACKGROUND

          L.S. was born on September
16, 2004 to Pena and Stoddard. Pursuant to an Agreed Child Support Review Order (Suit Affecting the Parent-Child Relationship)
signed on November 16, 2005, Pena and Stoddard were named joint managing
conservators of the child. At the time of that order, Pena and Stoddard were
attempting reconciliation, and—by
agreement—the trial court did not
order child support or designate periods of possession and access for either
party. 

          The
relationship between the parties deteriorated, and Pena filed his Original Petition in Suit Affecting the
Parent-Child Relationship on August 1, 2006, asking that he be granted a
standard possession order for visitation with the child. Stoddard filed her Original Counterpetition in Suit Affecting
the Parent-Child Relationship on August 21, 2006, asking that she be named
sole managing conservator of the child and also requesting payment of child
support. Pena then enlisted in the United States Army and attended basic
training from October 31, 2006 until March 2007. He was then stationed in Fort
Lewis, Washington, and he currently remains there on active duty. 

          On
December 15, 2008, the trial court conducted a one-day bench trial of this
matter. Pena was still on active duty in Fort Lewis, Washington at that time,
and he did not appear for trial. The parties reached certain stipulations that
were read into the record. Lauren Stoddard was called and she testified. The
trial court then delivered its decision that Stoddard be named sole managing
conservator of the child and that Pena be named possessory conservator of the
child. 

The trial court signed an Order in Suit Affecting the Parent-Child Relationship
on December 30, 2008. Pena filed his request for findings of fact and
conclusions of law on January 8, 2009. During the same month, Pena filed a
motion for new trial, which was overruled by operation of law.  The trial court later filed its findings of
fact and conclusions of law on March 6, 2009. Pena then made a request for
additional findings on March 16, 2009, but the trial court made no additional
findings.  This appeal followed.

FINDINGS OF FACT

          In his first issue, Pena contends that the trial court
erred in refusing to file additional findings of facts that he requested after
the conclusion of trial.  An appellant is
presumptively harmed when a trial court fails to make sufficient findings of
fact, unless the face of the record reflects that the appellant was not harmed.
 Panchal v. Panchal,
132 S.W.3d 465, 466–67 (Tex. App.—Eastland 2003, no pet.).  The failure to make
sufficient findings of fact becomes harmful error when the appellant is
prevented from making an appeal.  Id.
at 467.  The
remedy for such a harmful error is for the reviewing court to abate the appeal.
 Id. The controlling issue is
whether the circumstances of the particular case require
the appellant to guess at the reasons for the trial court’s decision. Goggins
v. Leo, 849 S.W.2d 373, 379 (Tex. App.—Houston [14th Dist.] 1993, no writ); Awad v. Rasmussen-Awad, No. 14-02-01142-CV,
2004 WL 744234, at *3 (Tex. App.—Houston [14th
Dist.] 2004, no pet.) (mem. op.).

          Pena requested additional findings of fact regarding family
violence and material change.  Those
facts bear on the trial court’s order for supervised visitation.  Pena alleges that without such findings he is
unable to know why the trial court restricted his periods of possession of L.S.
to periods of supervised visitation at Angel House.  However, the failure of the trial court to
enter additional findings of fact did not harm Pena because it did not prevent
him from making an appeal on that matter. 
See, e.g., White v. Harris-White, No.
01-07-00521-CV, 2009 WL 1493015, at *6 (Tex. App.—Houston [1st Dist.] May 28,
2009, pet. denied) (mem. op.) (holding trial court’s failure to make requested
findings of fact and conclusions of law harmless because appellant was able to
present his case on appeal concerning value of community estate).  The face
of the record shows that the parties stipulated to supervised visitation and
that Pena failed to object when the judge recognized supervised visitation on
two occasions.  Pena does not have to
guess at why the trial court came to its conclusion on supervised visitation
because evidence of the stipulation and of his failure to object is clearly
stated in the record. 

          We overrule Pena’s first issue.

STIPULATIONS

          In his second issue, Pena contends that the trial court
erred in ordering supervised periods of possession of L.S.  The record states:

THE
COURT:  The stipulation, go ahead and
tell me the stipulation.

 

MR.
TRAVERS:  The stipulation is that if
Jonathan Pena resides or is stationed within 150 miles of Houston, Texas, the
parties stipulate that that will be — that that is a material change in
circumstance to justify the filing of a motion to modify —

 

THE
COURT:  Okay.

 

MR.
TRAVERS:  — but nothing else.  It’s not an automatic modification.  It’s just that — that they meet the element
of a material change in circumstances.

 

THE
COURT:  So, what we have left to deal
with today is periods of possession, given the current status, and child support?

 

MR.
TRAVERS:  Yes.

 

. . . .

 

MS.
TAYLOR:  Judge, we would like child
support to be according to guidelines for whatever he earns.  If we can’t get that information for today,
we’ll continue with the 215 and we’ll file our own modification, but what we
are asking for mostly is that visitation continue to — that visitation be
supervised and it be through Angel House. 
And if the Court would like some information about why we feel that way,
we would certainly provide that.

 

MR.
TRAVERS:  We stipulate to that.

 

THE
COURT:  I want child support to be the
larger of the military allotment or minimum wage, then possession will be what
you just dictated.

 

MS.  TAYLOR: 
Possess [sic] and access shall be according to whenever he is coming
into town he will give Angel House seven days written advance notice so that we
can set up a time and both parties will agree to do the paperwork for Angel
House, Judge, and Mr. Pena will bear the cost of whatever the fees are with
regard to Angel House.

 

MR.
TRAVERS:  Agreed as to fees, and that
they cooperate as far as the paperwork.

 

The record
shows that the parties reached certain stipulations, which were read into the
record.  The record shows that at the
hearing, Stoddard’s attorney clearly stated that Stoddard was seeking
supervised visitation.  Stoddard offered
to provide evidence of the need for supervised periods of possession; at which
point, Pena’s attorney injected “we stipulate to that.”  Pena asserts that the stipulation was unclear
as to supervised visitation and that he only stipulated to the payment of fees
and completion of paperwork for Angel House. 
However, the record shows that Pena specifically stipulated to that
“visitation be supervised and it be through Angel House,” so it is reasonable
to assume that Pena realized Angel House was a supervised visitation
facility.  Additionally, later in the
proceeding, the trial court reemphasized the contested portion of the
stipulation when it pointed out during Stoddard’s testimony that supervised
visitation had already been stipulated to by the parties. The record shows that
Pena failed to object at either point during the proceeding to contest the
supervised visitation; therefore, the challenge to limited and supervised
visitation is waived.  See Tex.
R. App. P. 33.1(a); see also In
re A.R., 236 S.W.3d 460, 473 (Tex. App.—Dallas 2007, no pet.) (mother did not preserve appellate argument that trial
court erred when it awarded attorneys’ fees in nature
of child support because she did not raise argument in trial court); Goodson
v. Castellanos, 214 S.W.3d 741, 760–61 (Tex. App.—Austin 2007, pet. denied) (conservator did not preserve for appellate review
complaint that trial court erred in awarding attorneys’ fees in the nature of
child support because she did not present complaint to trial court); In
re C.S., 198 S.W.3d 855, 857 (Tex. App.—Dallas 2006, no pet.) (“Almost all trial error, even constitutional error, is
waived if appellant fails to object to the error at trial.”).[1]

We
overrule Pena’s second issue.

 

 

LIMITED VISITATION

In his
third issue, Pena contends the trial court erred by limiting his periods of
possession of L.S. to less than that of a standard possession order.  Again, the record before us reflects that
Pena waived this complaint when, at the December 15, 2008 trial, he failed to
object to the limited periods of possession, and affirmatively stipulated to
them at trial.  See Tex. R. App. P. 33.1(a); In
re C.S., 198 S.W.3d at 857 (“Almost all
trial error, even constitutional error, is waived if appellant fails to object
to the error at trial.”).  We further
note that the trial court required Stoddard to set up an email account for Pena
to use to communicate with L.S., provided for telephone calls up to three times
a week, and allowed for possession and access “at all other times and
circumstances as the parties may agree.”

We
overrule Pena’s third issue.

MODIFICATION OF CONSERVATORSHIP

In his fourth issue, Pena argues that the trial
court erred in removing him as joint managing conservator and naming Stoddard
sole managing conservator of L.S.[2]  In support of this argument, Pena relies on
subsection 153.131(b) of the Texas Family Code, which provides: “It is a
rebuttable presumption that the
appointment of the parents of a child as joint managing conservators is in the
best interest of the child.”  Tex. Fam.
Code Ann. § 153.131(b) (Vernon 2001).  A finding of a history of family violence
involving the parents of a child removes the presumption under this
subsection.”  Id.  Although this subsection
states that a finding of a history of family violence removes the presumption,
it does not say that it is the only finding that removes the
presumption.  In determining the issues
of conservatorship, the best interest of the child is always the primary
consideration of the court.  Id. §
153.002 (Vernon 2001); Dennis
v. Smith,
962 S.W.2d 67, 68 (Tex. App.—Houston [1st Dist.]
1997, pet. denied).



Pena claims that there was no evidence and no
finding made by the trial court to show that appointing Pena as a joint
managing conservator was not in the best interest of the child.  In particular, he claims that the trial court
made no finding of family violence to justify naming him as a possessory
conservator.  However, a finding of
family violence is not the only reason to change conservator status.  The following factors are reviewed to
determine whether the presumption in favor of joint managing conservatorship
has been rebutted: (1) benefits to the child, (2) the cooperative
decision-making ability of the parents, (3) geographical proximity, (4) the
parents’ ability to promote a positive relationship with the other parent, (5)
the parents’ prior child-rearing participation, and (6) any other relevant
factor.  See Tex. Fam. Code
Ann. § 153.134(a) (Vernon Supp. 2009); see also In re the Marriage
of Bertram, 981 S.W.2d 820, 825 (Tex. App.—Texarkana 1998, no pet.).

The trial
judge faces the parties and the witnesses, observes their demeanor and
personality, and feels the forces, powers, and influences that cannot be
discerned by merely reading the record.  Cuellar v. Flores, 238 S.W.2d 991, 992
(Tex. App.—San Antonio 1951, no writ).  The
trial judge is, therefore, in a better position to analyze the facts, weigh the
virtues of the parties, and determine what will be in the best interest of a
child.  Id.; see also Naguib v.
Naguib, 137 S.W.3d 367, 372 (Tex. App.—Dallas 2004, pet. denied) (“The
trial court is in the best position to determine what will be in the best
interest of the child, because it faced the parties and their witnesses,
observed their demeanor, and had the opportunity to evaluate the claims made by
each parent.”). 

In the trial court, evidence was presented that the parties
live in different states, that the parties had difficulty making decisions
together, that Pena called Stoddard names, that Pena rarely contacted L.S.,
that Pena harassed Stoddard when she attempted to contact him by phone, and
that it would not be in the best interest of L.S. to have Pena as a joint
managing conservator.  In addition, the
trial court was aware of the recommendations of the amicus and aware that Pena
failed to submit to the social study, the substance abuse evaluation, and the
psychological evaluation that had been ordered by the court.  Based on the record, we cannot say that it
was an abuse of discretion for the trial court to appoint Stoddard as sole
managing conservator.

We overrule Pena’s fourth issue.

CONCLUSION

          We affirm the judgment of
the trial court.

                                                                                

 

 

 

 

                                                                    Sherry Radack

                                                                   Chief
Justice 

 

Panel consists
of Chief Justice Radack and Justices Bland and Sharp.

 

Justice Sharp,
dissenting.  

 

 











[1]
          We note that Pena filed a motion
for new trial. In his motion, Pena complained that there was insufficient or no
evidence to support the trial court’s orders, including that of supervised
visitation and sole managing conservatorship. However, Pena did not assert that
there was no stipulation as to supervised visitation, or that the trial court
had misunderstood his stipulation and should not have relied upon it.  We find no place in the record where Pena
ever informed the trial court that it had committed any error in regard to his
stipulations.





[2]
          We note that the record reflects
an order in the 2005 Suit Affecting the Parent-Child Relationship (SAPCR), in
which the trial court named Pena and Stoddard as joint-managing
conservators.  As noted in the background
section, possession and access was not determined in that order.  In 2006, Pena filed an original SAPCR seeking
possession and access determinations only. 
Stoddard counter-petitioned seeking sole managing conservatorship, under
the guise of an original SAPCR.  At trial,
both parties and the trial court treated her request for sole managing
conservatorship as if the court had made no prior determination on
conservatorship.  At no time during trial
did Pena object that a determination regarding conservatorship would, in fact,
be a modification of an existing conservatorship order, rather than an original
determination.   On appeal, both parties
again treat the trial court’s determination of conservatorship as an original
determination rather than a modification. 
Because no complaint has been raised on appeal that the trial court
erred in deciding the conservatorship issue as an original determination, and
both parties treat analyze the trial court’s determination as an original
determination rather than a modification, we, likewise, do so.